RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

JEREMY N. HENDON, OSB #982490
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Tel:   202-353-2466
Fax:  202-307-0054
Jeremy.Hendon@usdoj.gov

*Of Counsel*
BILLY J. WILLIAMS, OSB #901366
United States Attorney

*Attorneys for the United States of America*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 19-cv-505 |
| **Plaintiff,** | |
| v. | **COMPLAINT TO REDUCE CIVIL PENALTY TO JUDGMENT** |
| **DULCIE STEPHANIE CLONINGER,** | |
| **Defendant.** | |

Plaintiff, the United States of America ("United States"), brings this action to collect unpaid federal penalty assessments and interest as provided by law, and to reduce those assessments to judgment. Additionally, the United States intends to proceed under the Federal Debt Collection Practices Act (28 U.S.C. § 3001 et seq.) to collect any judgment it obtains in this case, including the use of all appropriate pre-judgment remedies, post-judgment remedies, and the additional surcharge as authorized by 28 U.S.C. § 3011. In support of this action, the United States complains and alleges as follows:

## INTRODUCTION

1. This is a timely civil action brought by the United States to collect the outstanding unpaid civil penalty assessments (31 U.S.C. § 5321(a)(5)), commonly known as FBAR penalties, made against defendant Dulcie Stephanie Cloninger for her failure to report her interest in foreign bank accounts, as required by 31 U.S.C. § 5314 and the implementing regulations promulgated thereunder.

2. This action is brought with the authorization of the Secretary of the Treasury (*see* 31 U.S.C. § 3711(g)(4)(C)) and at the direction of the Attorney General of the United States.

## DEFENDANT

**3.** Defendant Dulcie Stephanie Cloninger ("Defendant") is a United States citizen, who currently resides in Deschutes County, Oregon.

4. Jurisdiction over this action is conferred upon this district court by 28 U.S.C. §§ 1331, 1345 and 1355.

5. Venue properly lies in the District of Oregon under 28 U.S.C. § 1391(b)(1) because Defendant resides within the judicial district. Further, venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FOREIGN BANK OR OTHER FINANCIAL ACCOUNTS

6. 31 U.S.C. § 5314 authorizes the Secretary of the Treasury to require United States persons to report certain transactions with foreign financial agencies. Under the statute's implementing regulations, "[e]ach United States person having a financial interest in, or signature authority over, a bank, securities, or other financial account in a foreign country shall report such relationship" to the Internal Revenue Service ("IRS") for each year in which such relationship exists. 31 C.F.R. § 1010.350(a).

7. To fulfill this requirement, a person must file a Form TD F 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR." For the calendar years

at issue, an FBAR was due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).

8.  31 U.S.C. § 5321(a)(5) provides for the imposition of civil penalties for failure to comply with the reporting requirements of 31 U.S.C. § 5314.

9.  Defendant had a financial interest in a foreign bank account at Wegelin & Co. ("Wegelin") in Switzerland during at least years 2010 and 2011. Defendant also had a financial interest in a foreign bank account at St. Galler Kantonalbank in Switzerland during at least 2010.

10. For each of the years 2010 and 2011, the amount in the Wegelin account exceeded $10,000 in U.S. currency at any time during each year. For 2010, the amount in the St. Galler Kantonalbank account exceeded $10,000 in U.S. currency at any time during the year.

11. Defendant was required by law to file FBARs reporting her financial interest in the Wegelin account for the years 2010 and 2011, as well as any other year that satisfied the FBAR reporting requirements. Defendant also was required by law to file FBARs reporting her financial interest in the St. Galler Kantonalbank account for 2010, as well as any other year that satisfied the FBAR reporting requirements

12. Defendant did not file FBARs that disclosed the Wegelin account for the years 2010 and 2011. Defendant also did not file a FBAR that disclosed the St. Galler Kantonalbank account for 2010.

### *Willful Failure to File FBARs*

13. Defendant is, and during 2010 and 2011 was, married. Defendant's spouse is college educated and has held sales positions with large companies such as Prudential Insurance and Mobil Chemical. Defendant received a high school diploma and attended two years of college. Defendant was previously employed as an Instructional Aide for Eugene School District 4-J for over 30 years until she retired. Defendant currently occasionally works as a substitute teacher for the Bend-LaPine School District.

14. Beginning in at least 2008 and continuing through 2011, Defendant orchestrated recurring wire transfers from the Wegelin account to her and her husband's domestic bank accounts. Specifically, Defendant was both the requesting party and beneficiary for each wire transfer. During at least 2010, Defendant also orchestrated recurring wire transfers from the St. Galler Kantonalbank account to her and her husband's domestic bank accounts where she was both the requesting party and the beneficiary of each wire transfer.

15. Defendant and her husband self-prepared their joint U.S. federal income tax returns (Form 1040) for at least tax years 2010 and 2011.

16. Defendant did not report any interest, capital gain, or other income from her foreign accounts on her U.S. federal income tax returns (Form 1040) for both 2010 and 2011.

17. Defendant did not report any of the funds transferred from her foreign accounts to her domestic bank accounts as income on her U.S. federal income tax returns (Form 1040) for both 2010 and 2011.

18. On her Schedule B, Interest and Ordinary Dividends to Form 1040 for both 2010 and 2011, Defendant checked the box "no" regarding whether she had control of a foreign account.

19. Defendant never filed any FBARs to report her interest in foreign accounts.

**CLAIM FOR RELIEF: JUDGMENT FOR CIVIL PENALTIES (31 U.S.C. § 5321(a)(5))**

*Liability for the Civil Penalty*

20. During the calendar years 2010 and 2011, Defendant was a United States person within the meaning of 31 C.F.R. § 1010.350(b).

21. During the calendar years 2010 and 2011, Defendant had a financial interest, within the meaning of 31 C.F.R. § 1010.350(e), over the Wegelin account in Switzerland ("the Wegelin Account").

22. The Wegelin Account was a bank account in a foreign country.

4

COMPLAINT TO REDUCE CIVIL
PENALTY TO JUDGMENT

23. During the calendar years 2010 and 2011, the balance in the Wegelin Account exceeded $10,000.

24. Defendant failed to file any FBAR with regard to the 2010 and 2011 calendar years as required by 31 U.S.C. § 5314 and 31 C.F.R. § 1010.306(c).

25. The failure of Defendant to file an FBAR with regard to the 2010 and 2011 calendar years was willful within the meaning of 31 U.S.C. § 5321(a)(5).

### *Assessment and Collection of the Civil Penalty*

26. On or about May 3, 2017, a delegate of the Secretary of the Treasury timely assessed civil penalties against Defendant Dulcie Stephanie Cloninger in the total amount of $342,730, due to the willful failure of Defendant to timely file FBARs to disclose the Wegelin Account to the IRS for the calendar years 2010 and 2011 ("FBAR Penalties").

27. A delegate of the Secretary of Treasury sent a notice of the assessments and demand for payment to Defendant for the FBAR Penalties at Defendant's last known address.

28. In addition to the FBAR Penalties, Defendant owes late-payment penalties pursuant to 31 U.S.C. § 3717(e)(2), and interest pursuant to 31 U.S.C. § 3717(a), and applicable collection related fees pursuant to 31 U.S.C. § 3717(e)(1).

29. As of March 20, 2019, the unpaid balance owed to the United States by Defendant for the FBAR penalties, the late payment penalty, applicable fees and interest, less any payments, was $387,820.12.

30. The United States is entitled to a judgment against Defendant in the amount of $387,820.12 as of March 20, 2019, plus statutory accruals as provided by law from that date until fully paid.

WHEREFORE, the United States requests that the Court:

A. Enter judgment in favor of the United States of America and against Dulcie Stephanie Cloninger, in the amount of $387,820.12 as of March 20, 2019, plus statutory accruals from that date until fully paid; and

COMPLAINT TO REDUCE CIVIL
PENALTY TO JUDGMENT

B.  Award the United States of America its costs, and such other further relief as the Court deems just and proper.

DATED this 8th day of April, 2019.

Respectfully Submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

/s/ Jeremy N. Hendon
JEREMY N. HENDON, OSB #982490
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Tel:  202-353-2466
Fax:  202-307-0054
Jeremy.Hendon@usdoj.gov

*Of Counsel*
BILLY J. WILLIAMS
United States Attorney

Attorneys for the United States of America

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                      *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:**  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE                                   DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
   **(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
   **(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |  |
|---|---|---|
| *Plaintiff(s)* <br> v. <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*



A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:



If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____      _____
　　　　　　　　　　　　　　　　　　　　　　*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: